

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:21cr51

OMAR ALFONSO ALAS,

    Defendant.

### MEMORANDUM OPINION

This matter is before the Court on MR. ALAS'S MOTION TO DISMISS THE INDICTMENT PURSUANT TO 18 U.S.C. § 1326(d) AND HIS CONSTITUTIONAL RIGHT TO DUE PROCESS (ECF NO. 15) ("the Motion"). Alas has been indicted on a charge of illegal reentry in violation of 8 U.S.C. § 1326(a). The Motion is a collateral attack on the validity of Alas's earlier deportation, which served as the predicate removal for this indictment. The Motion was fully briefed by both parties and a hearing was held. After the hearing, the parties submitted supplemental briefing on evidence presented at the hearing. The Motion is now ripe. This Memorandum Opinion provides the reasoning for the Court's Order denying the Motion (ECF No. 53).

To prevail on a § 1326(d) collateral attack on a prior removal order, a defendant must show: that administrative review of the earlier order was exhausted, § 1326(d)(1); that the deportation proceedings deprived him of judicial review, § 1326(d)(2); and that the order was "fundamentally unfair," § 1326(d)(3). Because

Alas cannot show that his earlier removal was fundamentally unfair within the meaning of (d)(3), the Motion will be denied.

## BACKGROUND

Alas first illegally entered the United States around 2004. ECF No. 15-1 at 2.  In 2007, he was convicted in Virginia after pleading guilty to a charge of malicious wounding.  Government Ex. 1 at 57-58. After serving his sentence, Alas was deported in 2011 pursuant to an administrative removal order.  ECF No. 15-1.

Sometime before April 2016, Alas illegally entered the United States a second time.  ECF No. 15 at 2.  In 2020, Alas was arrested in Virginia on charges of assault and battery.  A background search revealed that Alas had previously been deported and ICE placed a detainer on his file.  After Alas was released from state custody, an arrest warrant was issued on April 12, 2021.  ECF No. 2.  Alas was subsequently arrested and is now charged with violating 8 U.S.C. § 1326(a).

## DISCUSSION

8 U.S.C. § 1326(d) provides a narrow avenue for collateral attacks on prior deportation orders that serve as the predicate for a § 1326 prosecution.  The section states:

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that—
>
> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

>  (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
>  (3) the entry of the order was fundamentally unfair.

Thus, to prevail on a § 1326(d) collateral attack, a defendant has the burden of showing that each of the section's requirements are satisfied. See United States v. Palomar-Santiago, 593 U.S. ___, ___ (2021) (Slip Op. at 1-2) (holding that a defendant is "[not] excused from making the first two of these [§ 1326(d)] showings . . . because his prior removal order was premised on a conviction that was later found not be a removable offense.").

A removal order is fundamentally unfair if the predicate offense on which it was based is erroneously treated as a removable offense by immigration authorities. This requires showing that, "but for the errors complained of, there was a reasonable probability [the defendant] would not have been deported." United States v. El Shami, 434 F.3d 659 (4th Cir. 2005). As applied to this case, Alas attempts to show that his Virginia conviction for Malicious Wounding under Va. Code § 18.2-51 was incorrectly treated as a "crime of violence" within the meaning of 18 U.S.C. § 16.[1] If Alas were correct, he would prevail on § 1326(d)(3) because the

---

[1] 8 U.S.C. § 1227(a)(2)(A)(iii) states that immigrants are deportable when they have been convicted of an aggravated felony. The "Definitions" section of Title 8, § 1101(a)(43)(F), in turn includes crimes of violence (as defined by 18 U.S.C. § 16) in its enumeration of aggravated felonies.

3

conviction on the basis of which he was treated as deportable was not, in fact, a conviction on the basis of which he was deportable. But because the Fourth Circuit has held that malicious wounding is a crime of violence, this argument is unavailing. Moreno-Osorio v. Garland, 2 F.4th 245, 253 (4th Cir. 2021) ("Virginia Code § 18.2-51 is a 'crime of violence' under 18 U.S.C. § 16(a), since it has as an element the use of 'physical force.' Virginia Code § 18.2-51 is therefore an 'aggravated felony' under the INA.").[2] Consequently, § 1326(d)(3) is not satisfied and Alas's collateral attack fails.

Alas urges, however, that the Fourth Circuit precedent may be set aside because the cases that establish the precedent do not consider the argument that Alas makes here. ECF No. 23 at 5. While that argument is now preserved for review, the Court will not ignore the Fourth Circuit's answer to a question merely because a party contends that the answer was given without consideration of a particular argument. Alas supports a rather unusual understanding of stare decisis with reference to a comment of the

---

[2] This case is consistent with earlier Fourth Circuit cases holding malicious wounding to be a crime of violence within the meaning of several other statutes and within the meaning of the Sentencing Guidelines, which uses language identical to 18 U.S.C. § 16 to define a crime of violence. E.g., United States v. Collins, 412 F.3rd 515 (4th Cir. 2005) (finding malicious wounding to be a crime of violence within the meaning of § 4B1.2(a)); United States v. Hardy, 99 F.3d 250 (4th Cir. 2021) (reaffirming that malicious wounding is a crime of violence under the ACCA).

Supreme Court of the United States' in <u>R.A.V. v. City of St. Paul</u>, 505 U.S. 377, 386 n.5 (1992), that it is "contrary to all traditions of our jurisprudence to consider the law on this point conclusively resolved by broad language in cases where the issue was not presented or even envisioned." But that comment comes in the context of articulating the Supreme Court's principles for adherence to its <u>own</u> precedent (horizontal stare decisis). It is not applicable here, where the issue is the degree to which the Court is bound by Fourth Circuit precedent (vertical stare decisis).

As Fourth Circuit case law makes clear, even a Fourth Circuit panel is more constrained by Fourth Circuit precedent than the Supreme Court is constrained by its own precedent. <u>See</u> <u>Payne v. Taslimi</u>, 998 F.3d 648 (4th Cir. 2021) ("[W]hen a panel of our Court looks horizontally to our own precedents, we must apply their commands as a mechanical mandate . . . unlike the discretionary application of stare decisis by the Supreme Court, we are bound by prior panel decisions.").

Alas's argument--that the Supreme Court's decision in <u>Borden v. United States</u>, 593 U.S. ___ (2021), undermines the reasoning in earlier Fourth Circuit cases--does not alter the Court's obligation to adhere to the Fourth Circuit's unambiguous holding with respect to the categorization of malicious wounding as a crime of violence. <u>Cf.</u> <u>Rodriguez de Quijas v. Shearson/Am. Exp., Inc.</u>,

490 U.S. 477, 484 (1989) ("We do not suggest that the Court of Appeals on its own authority should have taken the step of renouncing Wilko. If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

With respect to the other two prongs of § 1326(d), Alas argues, correctly, that the administrative exhaustion requirement under 8 U.S.C. § 1326(d)(1) is satisfied for defendants who are deported through the expedited removal process pursuant to Form I-851. See United States v. Segura-Virgen, 390 F. Supp. 3d 681 (E.D. Va. 2019) (following Etienne v. Lynch, 813 F.3d 135 (4th Cir. 2015), and finding that I-851, as such, does not offer an administrative remedy within the meaning of 8 U.S.C. § 1326(d)(1).).

Finally, Alas argues that he satisfies § 1326(d)(2)'s requirement of exhaustion of judicial review because, although he did not appeal his removal to the Fourth Circuit, he was not properly apprised of his appeal rights by the agent who administered the I-851 form to him and so he was not able to make a knowing and intelligent waiver of his right to appeal. The resolution of that argument turns on the credibility of the testimony given by the ICE agent at the hearing on the Motion.

6

The Court is inclined to find the agent's testimony to be credible. However, because failure to satisfy any of the § 1326(d) requirements is dispositive, and Alas clearly does not satisfy (d)(3), the Court need not reach the question of whether the immigration agent conveyed Alas's appeal rights to him in sufficient detail to allow for a knowing and intelligent waiver of those rights.

## CONCLUSION

For the reasons set forth above, the Motion will be denied. It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 14, 2021